UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM NASH MARTINEZ, | 1: 07 CV 00020 LJO WMW HC |
| Petitioner, | FINDINGS AND RECOMMENDATIONS RE DISMISSAL OF PETITION FOR FAILURE TO EXHAUST STATE JUDICIAL REMEDIES |
| v. | |
| JAMES TILTON, DIRECTOR, | |
| Respondent. | |

Petitioner is a prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. Section 2254. The Court has conducted a preliminary review of the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases and Rule 16 of the Federal Rules of Civil Procedure,[1] the court finds as follows.

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a

---

[1] The Federal Rules of Civil Procedure are "applicable to habeas corpus proceedings to the extent that the practice in such proceedings are not set forth in the statutes of the United States and has heretofore conformed to the practice of civil actions." Fed.R.Civ.P. 81(a)(2). Rule 11 also provides "the Federal Rules of Civil Procedure, to the extent that they are not inconsistent with these rules, may be applied, when appropriate, to the petitions filed under these rules." Rule 11, Rules Governing Section 2254 Cases.

petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct. 887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis). Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan, 513 U.S. at 365-66, 115 S.Ct. at 888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). For example, if a petitioner wishes to claim that the trial court violated his due process rights "he must say so, not only in federal court but in state court." Duncan, 513 U.S. at 366, 115 S.Ct. at 888. A general appeal to a constitutional guarantee is insufficient to present the "substance" of such a federal claim to a state court. See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982) (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct. 1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as well as a statement of the facts which entitle the petitioner to relief.").

In this case, the petition does not show that Petitioner presented any of his claims to the California Supreme Court, either on direct appeal or on habeas corpus. The court must dismiss a petition that contains unexhausted claims, even if it also contains exhausted claims. Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) cert. denied, 118 S.Ct. 265 (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).

In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act. Pub.L. No 104-132, 110 Stat. 1214. Under the AEDPA, exhaustion can be waived by Respondent. 28 U.S.C. § 2254(b)(C). The Court can also excuse exhaustion if "(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such a process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B). In this case, Respondent has not waived exhaustion. In addition, California provides avenues for Petitioner to pursue state claims. For example, these claims could have been presented in a Petition for Writ of Habeas Corpus. See, Cal. Penal Code §§ 1473 - 1475. Finally, there are not sufficient circumstances in this case for the Court to ignore the United States Supreme Court's admonishment that comity demands exhaustion and find that California's corrective processes are ineffective to protect Petitioner's rights.

It appears from the petition for writ of habeas corpus currently before this court that Petitioner has not exhausted any of his claims. Therefore, the petition must be dismissed. See, 28 U.S.C. § 2254(b)(1); Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Gordon, 107 F.3d at 760; Guizar 843 F.2d at 372.

Accordingly, IT IS HEREBY RECOMMENDED that the petition for writ of habeas corpus be DISMISSED for failure to exhaust state judicial remedies. It is further recommended that the Clerk of the Court be ordered to enter judgment for Respondent and to close this case.

These Findings and Recommendation are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the

1   District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3   IT IS SO ORDERED.

4   **Dated:   May 2, 2007**                              /s/  **William M. Wunderlich**
                                                  UNITED STATES MAGISTRATE JUDGE